IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**STACY FAULKENBERRY,**     *

  *Plaintiff*,     *

v.     *     Civil Case No: 1:22-cv-01150-JMC

**U.S. DEPARTMENT OF DEFENSE,**
                     *

  *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Stacy Faulkenberry filed suit against Defendant U.S. Department of Defense on May 12, 2022. (ECF No. 1). On December 15, 2022, Plaintiff filed an Amended Complaint and asserted three counts: (1) Hostile Work Environment Based on Sex and Gender Identity in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, as amended ("Title VII"), (2) Retaliation in Violation of Title VII, and (3) Violation of Confidentiality Provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 701, as amended. (ECF No. 24 at pp. 18–20).[1] On April 25, 2023, this Court issued a Memorandum Opinion (ECF No. 33) and an accompanying Order (ECF No. 34) granting in part and denying in part Defendant's Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment (ECF No. 25). Specifically, the Court dismissed without prejudice Counts I and II of the Amended Complaint; the Court dismissed Count III to the extent that Count III was "predicated on the disclosure of Plaintiff's private documentation to Ms. Ontiveros and those to whom Ms. Ontiveros forwarded said documentation[.]" *Id.* Now pending before the Court is Plaintiff's Second Motion to Amend Complaint (ECF No. 41). In addition to Plaintiff's Motion, the Court has considered Defendant's

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

Opposition to Plaintiff's Motion to Amend Complaint (ECF No. 42) and Plaintiff's Reply in Support of Her Motion for Leave to Amend Complaint (ECF No. 43). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons fully set forth below, the Court will GRANT Plaintiff's Motion. However, the Court remains cognizant of the fact that Plaintiff initially filed this case on May 12, 2022, and that this is Plaintiff's second request to amend her pleadings. Therefore, the Court forewarns Plaintiff that absent the most compelling of reasons, the Court will not permit any further amendment to Plaintiff's pleadings.

## I. BACKGROUND

As indicated above, Plaintiff filed her First Amended Complaint (ECF No. 24) on December 15, 2022. In the Court's April 25, 2023 Order, the Court indicated that to the extent the Court dismissed Plaintiff's claims, that dismissal was without prejudice. (ECF No. 34). On May 16, 2023, Defendant filed its Answer to the Amended Complaint (ECF No. 36). That same day, the Court issued a Proposed Scheduling Order (ECF No. 37) and the undersigned's Memorandum Regarding Informal Discovery (ECF No. 38). On May 25, 2023, the parties filed a joint status report (ECF No. 39) requesting modifications to the Court's Proposed Scheduling Order. In particular, the parties agreed to a deadline of June 29, 2023, for amendment to the pleadings. (ECF No. 39 at p. 1). On May 25, 2023, the Court issued a Marginal Order (ECF No. 40) adopting the parties' jointly proposed scheduling order, thereby opening discovery for the case *sub judice*. Thereafter, on June 29, 2023, Plaintiff timely filed her pending Motion.

Plaintiff's Second Amended Complaint—attached to her Motion as ECF No. 41-1—brings the same three Counts as Plaintiff brought in her First Amended Complaint: (1) Hostile Work Environment Based on Sex and Gender Identity in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, as amended ("Title VII"), (2) Retaliation in Violation of Title VII, and

(3) Violation of Confidentiality Provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 701, as amended. (ECF No. 41-1 at pp. 23–25). However, Plaintiff contends that her Second Amended Complaint will "clarify her claims and factual allegations, in many respects, in response to the Court's analysis of Plaintiff's claim." (ECF No. 41 at p. 2). Plaintiff further indicates that as of the filing of her Motion, the parties had yet to "exchange[] written discovery requests . . . [or] schedule[] deposition[s]." *Id.*

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a)(2), when a party's timeframe for amending its pleading as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Under Rule 15(a), the district court 'has broad discretion concerning motions to amend pleadings . . . .'" *Macsherry v. Sparrows Point, LLC*, No. ELH-15-22, 2016 WL 8669914, at *8 (D. Md. Oct. 28, 2016) (quoting *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam)) (other citation omitted). The Supreme Court of the United States has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Regarding futility, "[t]here is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion." *Morgan v. Coppin State*

*Univ.*, No. SAG-20-0427, 2020 WL 6485083, at *2 (D. Md. Nov. 4, 2020) (quoting *Aura Lights US Inc. v. LTD Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017)) (internal citation omitted). "Yet, the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. [Rather], [t]he Court applies a much less demanding standard: whether the proposed amendment is clearly insufficient or frivolous on its face." *Morgan*, 2020 WL 6485083 at *2 (quoting *Aura Lights US Inc.*, 2017 WL 2506127 at *5) (internal citation and quotation marks omitted).

### III.   ANALYSIS

After thorough review of the record, the Court cannot conclude that Plaintiff's Motion is tainted by undue delay,[2] bad faith, or a dilatory motive. Furthermore, although the Court appreciates the time and effort expended by Defendant in filing what now amounts to two dispositive motions, the Court cannot conclude that any prejudice resulting from permitting the filing of Plaintiff's Second Amended Complaint amounts to sufficient prejudice to deny Plaintiff's Motion.[3] The operative scheduling order in this case was agreed upon by the parties, and the parties

---

[2] All of Plaintiff's proposed amendments are additional factual allegations which Plaintiff very likely knew of when filing both her Complaint (ECF No. 1) and First Amended Complaint (ECF No. 24). This would seem to support Defendant's argument that Plaintiff's Motion should be denied because Plaintiff "presumably had knowledge of the allegations in her new amendments, but chose to stand behind her Amended Complaint." (ECF No. 42 at p. 9). In support of this argument regarding alleged dilatory action by Plaintiff, Defendant cites to, *inter alia*, *Priestley v. Am. Airlines, Inc.*, No. 89 CIV. 8265 (JMC), 1991 WL 64459 (S.D.N.Y. Apr. 12, 1991). In *Priestley*, the court stated that "leave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading." *Priestley*, 1991 WL 64459 at *1. However, the Fourth Circuit has determined that "[d]elay alone is an insufficient reason to deny leave to amend." *Macsherry*, 2016 WL 8669914 at *8 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)) (other citations omitted). Furthermore, *Priestly* has been distinguished by its issuing court because *Priestley* "address[es] amendments that propose adding *claims* on new operative facts that were known to the plaintiff at the time of the initial filing." *Miaro v. Alarm Specialists, Inc.*, No. 13-cv-08658 (NSR), 2014 WL 528695, at *4 n.4 (S.D.N.Y. Oct. 15, 2014) (emphasis in original).

[3] Defendant argues that it will be prejudiced by any further amendments because such amendments would "unduly delay[] discovery and [] force[] Defendant to move, yet again, to dismiss or for summary judgment." (ECF No. 42 at p. 8). The Court is not convinced by this argument. No force will compel Defendant to file another pre-discovery dispositive motion, nor will the filing of another such motion be Defendant's sole option in answering the Second Amended Complaint.

agreed to a deadline of June 29, 2023, for the amendment of pleadings. "Finally, this Court cannot conclude that [P]laintiff's amendments would be futile, as they raise substantive issues that this Court cannot dismiss upon cursory review." *Helmbright v. Davis*, No. 5:04CV698, 2005 WL 8162330, at *2 (N.D.W. Va. June 20, 2005). Considering the liberal standard through which a Court views such motions, as well as the fact that the case *sub judice* is still pre-discovery to the extent that discovery is open but has not been conducted, the Court will grant Plaintiff's Motion.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's Second Motion to Amend Complaint (ECF No. 41) is hereby GRANTED. Accordingly, it is hereby ORDERED that:

1) The Clerk is directed to file the clean copy of Plaintiff's Second Amended Complaint (ECF No. 41-1); and

2) Defendant shall respond to Plaintiff's Second Amended Complaint within fourteen (14) days of the Court's issuance of this Memorandum Opinion and Order.

IT IS SO ORDERED.

Date: <u>August 25, 2023</u>                             /s/
                                          J. Mark Coulson
                                          United States Magistrate Judge