IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STACY FAULKENBERRY** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:22-cv-01150-JMC |
| **LLOYD J. AUSTIN, III, Secretary U.S. DEPARTMENT OF DEFENSE** | * | |
| | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff, Stacy Faulkenberry, filed suit against Defendant, the U.S. Department of Defense, on May 12, 2022. (ECF No. 1). On August 25, 2023, Plaintiff filed a Second Amended Complaint alleging three counts: (1) Hostile Work Environment Based on Sex and Gender Identity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2002e, as amended; (2) Retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2002e, as amended; and (3) Violation of Confidentiality Provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 701, as amended. (ECF No. 45). On February 6, 2024, this Court granted in part and denied in part Defendant's motion to dismiss the Second Amended Complaint, or, in the alternative, for summary judgment, dismissing Count I and partially dismissing Counts II and III. (ECF No. 62). Presently pending before the Court is Plaintiff's Motion to Clarify, or in the Alternative, to Reconsider Order, filed on September 10, 2024. (ECF No. 77). The undersigned has considered the Motion, Defendant's opposition thereto (ECF No. 78), and Plaintiff's Reply (ECF No. 79). No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, Plaintiff's Motion will be GRANTED.

I.      ANALYSIS

Plaintiff seeks clarification with respect to the Court's February 6, 2024 Order on Plaintiff's Motion to Dismiss Count III, Violation of Confidentiality Provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 701. (ECF No. 77 at 1).[1] In her Second Amended Complaint, Plaintiff alleges she provided medical information to Defendant in support of her reasonable accommodation request for her disability, and that Plaintiff's manager, Sharon Ontiveros, "shared Plaintiff's confidential medical information with individuals who did not have a need to know the information and sent it to her personal email address." (ECF No. 45 at 25). The Court's Order partially dismissed Count III, holding, "Count III remains only with respect to Plaintiff's medical submissions accompanying her reasonable accommodation request being allegedly improperly disclosed to Ontiveros and Ontiveros' supervisors." (ECF No. 63 at 1). Plaintiff asserts this language "appears to have inadvertently narrowed the allegations upon which Plaintiff may predicate her claim that Defendant violated the confidentiality provisions of the Rehabilitation Act." (ECF No. 77 at 1). The Court agrees.

A review of the Court's Memorandum Opinion accompanying its February 6, 2024 Order is instructive. There, the Court weighed two arguments Defendant put forth for the dismissal of Count III: first, that Ontiveros' disclosure of Plaintiff's medical information via email fell within an exception permitting disclosure to supervisors and managers in certain circumstances, and second, that Plaintiff suffered no tangible harm from the alleged disclosures. (ECF No. 62 at 24-25). The Court firmly rejected Defendant's first argument, holding that the exception regarding supervisors and managers did not bar Plaintiff's claim, and explaining that "[c]ombined with the

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

2

Court's conclusion that the confidentiality provisions [of the Rehabilitation Act of 1973] establish only that supervisors and managers have the right to know of 'the necessary restrictions and accommodations' to which a plaintiff requires, Plaintiff plausibly alleges that Defendant violated those confidentiality provisions by impermissibly sharing the *contents* of Plaintiff's medical documents." *Id.* at 25 (citations omitted). The Court largely rejected Defendant's second argument as well, explaining that Plaintiff's claims of emotional distress sufficed to demonstrate a tangible injury. *Id.* However, the Court dismissed the narrow portion of Count III which sought redress for Ontiveros forwarding Plaintiff's medical information to her own personal email account because Plaintiff did not allege that this action exacted any additional injury beyond the initial disclosures. *Id.* ("Plaintiff merely asserts that this 'created a risk of further disclosure,' which is too speculative.") (citations omitted). The Court further dismissed Plaintiff's claim to the extent it was based on allegations that Ontiveros sent emails to her husband's personal account because Plaintiff failed to allege that these emails contained Plaintiff's medical information. *Id.* at 26. The Court summarized its holding:

> Defendant's motion is granted to the extend that Plaintiff's Count III may not be predicated on the emails Ontiveros sent to her own personal email account or the emails Ontiveros sent to her husband's personal email account. In other words, Plaintiff's Count III may be predicated only on her allegations that Defendant violated the confidentiality provisions of the Rehabilitation Act by forwarding Plaintiff's medical documentation associated with her accommodation request to Ontiveros and Ontiveros' supervisors despite none of them needing to know the contents of such documents.

*Id.* The Court sought to distinguish its holdings with respect to each of the arguments advanced by Defendant, but in doing so inadvertently limited Plaintiff's Claim. To clarify: the undersigned intended to exclude the portions of Plaintiff's claim based on Ontiveros allegedly forwarding

3

emails to herself and her husband, but did not intend to limit Plaintiff's claim to disclosures made to individuals solely within Ontiveros' supervisory chain of command.

The Court previously considered the same arguments for dismissal of Count III in Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 33 at 32). The undersigned rejected them in its April 25, 2023 Memorandum Opinion and Order, and adopted its earlier reasoning in the February 6, 2024 Memorandum Opinion. (ECF No. 62 at 24) ("Defendant previously made these arguments in its first motion to dismiss…[t]he Court rejected them then and will do so now for the same reasons expressed in the prior Memorandum Opinion."). The language of the April 25, 2023 Memorandum more clearly expresses the Court's holding:

> [T]o the extent Defendant seeks to dismiss Plaintiff's Count III on the grounds that Ms. Ontiveros and those to whom she forwarded the emails fit into the supervisor and manager exception, Defendant's Motion is denied. To the extent Plaintiff's claim is based on the emails Ms. Ontiveros sent to her own personal email account and to Ms. Ontiveros' husband, Defendant's Motion is granted.

(ECF No. 33 at 35). The allegations in Plaintiff's Second Amended Complaint are not limited to Ontiveros' supervisors,[2] and Defendant did not advocate for this limitation in its Motions to Dismiss—Defendant merely focused its arguments on the manager-supervisor exception to the Rehabilitation Act's confidentiality provisions. Reducing Count III's scope to disclosures to Ontiveros' supervisors was not the Court's intention.

---

[2] With the exception of Ontiveros' husband, Plaintiff's Second Amended Complaint does not specify which individuals Ontiveros disclosed Plaintiff's medical information to, and instead broadly references disclosure to "individuals who did not have a need to know the information" and "other employees and management officials who had no need to know of her diagnosed mental health condition." (ECF No. 45 at 21-22, 25); *see also id.* at 22 ("Ontiveros obtained access to and then forwarded Faulkenberry's medical records to employees who did not have a need to know about the reasonable accommodate request, *including* Ontiveros' supervisors.") (emphasis added). Plaintiff's Second Amended Complaint certainly mentions Ontiveros' supervisors, but Count III is not exclusively based on disclosures made to them.

The language of the Court's Order partially dismissing Count III is not ambiguous on its face. (ECF No. 63 at 1) ("Count III remains only with respect to Plaintiff's medical submissions accompanying her reasonable accommodation request being allegedly improperly disclosed to Ontiveros and Ontiveros' supervisors."). However, when viewed in conjunction with the Court's analysis and prior Memorandum Opinion, ambiguity is present. An ambiguous order may be resolved through a motion for clarification. *In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019) ("[A] district court may in some circumstances entertain a motion for clarification to resolve an ambiguity in a prior order.") (citations omitted); *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) ("The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." (quoting *Resolution Trust Corp. v. KPMG Peat Marwick*, No. 92-1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993))). Because Plaintiff's Motion is resolved through the Court's clarification, the Court need not address Plaintiff's alternative request for reconsideration of its Order, which is untimely. Loc. R. 105.6 (D. Md. 2023) ("Except as otherwise provided in Fed R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk no later than fourteen (14) days after entry of the order.").

## II. CONCLUSION

Accordingly, Plaintiff's Motion to Clarify, or in the alternative, to Reconsider, (ECF No. 77), is hereby GRANTED. Count III is dismissed only to the extent that it is predicated upon allegations that Ontiveros sent information to her own personal email account or to her husband. Defendant shall again be permitted to move for summary judgment on Count III in a post-discovery dispositive motion. Additionally, the parties are directed to jointly submit a proposed

deadline for Requests for Admission and a dispositive motion briefing schedule by December 2, 2024.

Date: November 20, 2024

                                                /s/
                                  J. Mark Coulson
                                  United States Magistrate Judge